UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN TILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14CV189 SNLJ |
| | ) |
| PEMISCOT COUNTY JUSTICE | ) |
| DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.93. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $44.65, and an average monthly balance of less than $44.65. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.93, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Pemiscot County Justice Detention Center (the "Center") and the Caruthersville Sheriff Department (the "Department"). Plaintiff alleges that (1) he does not have access to adequate legal materials to prepare for trial, (2) he is being charged $100 for each doctor's visit, (3) he is required to pay for hygiene items, and (4) he owes $746.60 to the Center.

**Discussion**

The complaint is frivolous because the Center and the Department are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

Moreover, plaintiff's allegations are conclusory and fail to allege facts demonstrating a constitutional violation. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he has missed any court deadlines or otherwise suffered an actual injury to a legal case. As a result, his access-to-the-courts claim fails to state a claim upon which relief can be granted.

Prisoners do not have a clearly established federal right to receive free medical care. See, e.g., Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997) ("Although the Supreme Court has held that a state must provide inmates with basic medical care, the Court has not tackled the question whether that care must be provided free of charge."). Plaintiff does not allege that he has been denied medical care. Therefore, his claims regarding his medical copayments fails to state a claim.

Finally, plaintiff has not alleged that he has been deprived of any basic hygiene items, despite the fact that he owes the Department money. Therefore, the Court will dismiss this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.93 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE